Blossom & Carlos Dean
3538 Cragstone Road
Lithonia, Georgia, [30038-9998]

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 13 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION



| | |
|---|---|
| **BLOSSOM DEAN &**<br>**CARLOS DEAN**<br>　　　　Plaintiffs,<br><br>vs.<br><br>**MORTGAGE ELECTRONIC**<br>**REGISTRATION SYSTEMS, INC.;**<br>**FEDERAL DEPOSIT INSURANCE**<br>**CORPORATION AS RECEIVER**<br>**FOR COLONIAL BANK; WELLS**<br>**FARGO BANK, N.A.;BARRETT**<br>**DAFFIN FRAPPIER LEVINE &**<br>**BLOCK LLP and Does 1-20, inclusive**<br><br>　　　　Defendants. | Case No.: 1:15-CV-0754<br><br>**COMPLAINT TO QUIET TITLE**<br>**TO REAL PROPERTY INJUNCTIVE**<br>**RELIEF, REQUEST FOR**<br>**DECLARATORY JUDGMENT**<br>**PURSUANT TO O.C.G.A. §§ 9-4-2 and**<br>**9-11-118, MOTION FOR**<br>**APPOINTMENT OF SPECIAL**<br>**MASTER PURSUANT TO O.C.G.A. §**<br>**23-3-63, CONSTRUCTIVE FRAUD,**<br>**PROMISSORY ESTOPPEL**<br><br>**JURY DEMANDED** |

COMES NOW, Blossom & Carlos Dean Complaint For Quiet Title, Injunctive Relief, Request For Declaratory Judgment Pursuant To O.C. G.A.§§ 9-4-2 and 9-11-118, Motion For Appointment Of Special Master Pursuant To O.C.G.A.§ 23-3-63, Constructive Fraud, Promissory Estoppel

## I. INTRODUCTION

1. Plaintiffs are over the age of eighteen (18), a resident of the County of Dekalb, State of Georgia and resides at 3538 Cragstone Road, Lithonia Georgia

2. This Complaint is a homeowners attempt to narrow down the issues regarding his/her mortgage. Simplified, this case involves a Promissory Note which names "COLONIAL BANK" as the payee and a Security Deed which named

1

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") as the nominee beneficiary of the Security Deed. Thereafter, according to the Dekalb County Recorder's Office, MERS never executed an "Assignment of Deed to secure debt" which purported to assign the right, title and interest to the Plaintiffs' Security Deed. There was no language evidencing the assignment, grant, sale, transfer or conveyance in any way, of the Promissory Note which that Security Deed was merely an incident to.

3. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC ("MERS")., as "Trustee," was the "assignee" who received MERS' right, title and interest to the Security Deed, then claimed the status of creditor, beneficiary, Note Holder, and otherwise, the person entitled to enforce the instrument under Article 3 of the uniform Commercial Code with regard to the Promissory Note – something not sold to it by MERS in the recorded Assignment. The bare transfer of the Security Deed without the corresponding transfer or sale of the underlying Promissory Note is insufficient for the assignee of the Security Deed to claim any interest whatsoever in the Title to the real property described in that Security Deed.

4. Compounding the confusion in this case, the Servicer maintains that, Defendant WELLS FARGO BANK N.A.., is the "investor" regarding the Plaintiff's "mortgage loan" . This Quiet Title Complaint seeks to memorialize that fact officially, through a Court of Law.

5. Plaintiffs have unsuccessfully attempted to obtain the identity of her/his secured creditor through multiple communications with the "lender", their "Servicer" and the law firm representing the "Lender".

6. Plaintiffs visited the Dekalb County Georgia Real Estate Records Department

within the Superior Court Clerk's Offices, only to become more confused concerning the secured creditor, and entities who legally have an interest in her/his real property.

7. Plaintiffs bring her/ his Quiet Title action to remove the numerous clouds upon her/his title, so that her/his property is once again marketable.

8. Plaintiffs have reason to believe that there may be more than just those listed as Defendants that may claim an interest in her/his property, but at this time, is unaware of any others.

9. The Public Real Estate Records of Dekalb County do not indicate who actually owns the real property which is the subject of this litigation, other than the Plaintiffs.

## II. PARTIES

### a. Plaintiffs

10. The Plaintiffs, Blossom Dean and Carlos Dean ,(hereinafter, "Plaintiffs"), at all times relevant to this complaint has been a resident in real property located at: 3538 Cragstone Road, Lithonia Georgia 30038 with the legal description of: All that tract or parcel of Land, Lying and Being in Land Lot No. 51, Legacy at Stoney Creek, as per Plat Recorded in Plat Book 196, Pages 89 89F, Dekalb County Records, Said Plat Being Incorporated Herein By Reference Thereto.

11. A.P.N.   16 173 02 064 (hereinafter "Subject Property").

12. Plaintiffs are also the "Trustor" on a Security Deed recorded on August 8, 2008, with the County Recorder's Office, under Book No. 20987 and Page No. 530.

13. That same Security Deed named "COLONIAL BANK." as "Lender," "MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC." as the "nominee beneficiary," and "No Entity" as "Trustee".

   b. **Defendants**

14. Defendants COLONIAL BANK, ("CB"), was a state chartered savings bank with its principal place of business in Montgomery, Alabama. Colonial was in the business of among other things, funding mortgage loans. **Dissolved date 05/22/2008**

15. On August 14, 2009, Colonial was closed by the Alabama State Banking Department and Defendant, was appointed as Receiver for Colonial pursuant to 12 U.S.C. 1821. The claims which are the subject of this lawsuit were retained by or transferred to the FDIC-R

16. As receiver, the FDIC-R is tasked with the obligation to recover losses incurred by Colonial as a result of its operations, including losses resulting to Colonial because of loans funded through Colonial

17. Defendant CB was the alleged "Lender" and the listed "payee" on the Plaintiff's Promissory Note and Security Deed contracts. Plaintiff CB divested itself of legal title to the Subject Property via its "nomination" of MERS as the beneficiary of record on the Security Deed securing the Subject Property to the Plaintiff's obligation to pay in the Promissory Note.

6. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc. ("MERS"), is a corporation organized and existing under the laws of Delaware,

4

and has an address with its principal place of business in the State of Virginia.

7. Defendant, MERS, is a wholly-owned subsidiary of defendant Merscorp, Inc., and is a Delaware corporation. Merscorp and MERS share the same address at 1595 Spring Bradley Rd, Suite 310, Vienna, Virginia or at 1818 Library Street, Reston, Virginia. Merscorp and MEHS will hereafter be referred to collectively as "MERS".

8. Defendant MERS is listed as the "nominee" beneficiary on the Plaintiffs' Security Deed but has no interest, right, title or authority whatsoever regarding the underlying Promissory Note. MERS purported to sell the right, title and interest to the Plaintiff's Security Deed "AS LAST ASSIGNED" to Defendant WELLS FARGO BANK N.A. no assignment was recorded, with the County Recorder's Office.

9. Defendant MERS' true name and any other capacity is not currently known beyond this and Plaintiff therefore reserve the right to amend his complaint to add those facts when ascertained.

10. WELLS FARGO BANK N.A ("WELLS") is the purported "Servicer" of the payments made pursuant to the obligations stated in the Plaintiffs' Promissory Note, who is believed to have its main office location at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104.

11. WELLS has never stated who the "investor" is or was on the Plaintiffs' loan contrary to Defendants, MERS and WELLS claims that WELLS is the creditor and beneficiary.

12. Prior to receiving an assignment of the Plaintiffs' Security Deed from MERS, and without receiving in any way, shape or form, the underlying Promissory Note which actually evidences the underlying obligation, WELLS substituted the Trustee on the Plaintiffs' Security Deed.

13. Thereafter, MERS executed an assignment from itself to WELLS of the right, title and interest to the Plaintiffs' Security Deed without also assigning, selling, granting, conveying or transferring in any way, the underlying promissory note which the Security Deed was merely antecedent to.

14. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the Defendants sued herein and DOES 1 through 20, inclusive, and each of them are in some way responsible for the acts and events complained of herein and proximately caused injuries and damages to Plaintiffs which are described in this complaint through their employ, direction, control, and or interaction with the stated Defendants herein, as more fully described below.

15. Defendants, BARRETT DAFFIN FRAPPIER LEVINE & BLOCK LLP ,. et al, Debt Collector of the WELLS loan is a foreign corporation which does business in the State of Georgia and has its Agent as NATIONAL REGISTERED AGENTS INC, 1201 PEACHTREE STREET N.E. Suite 1240, ATLANTA GEORGIA 30361

16. PlaintiffS will seek leave of contract to amend this Complaint to more specifically set forth these Defendants' specific names and/ or official and/ or corporate titles and wrongful conduct when such have been ascertained.

17. Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants where it is so reasonably stated, implied and/ or inferred.

18. Whenever an act or omission of a corporation or business entity is alleged in this Complaint, the allegation shall be deemed to mean and include an allegation that the Corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/ or employees, acting within the course and scope and or abuse of their duties, that the act or omission was authorized by

corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity, where so reasonably stated, implied and/ or inferred.

19. Any allegation about acts of any corporate or other business defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/ or representatives while they were acting within the actual or ostensible scope of or abuse of their authority where so reasonably stated, implied and/ or inferred.

20. At all relevant times, each defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the defendants acted as the agent of the other defendants, and all of the defendants acted within the scope of their agency and if acting as an agent of another where so reasonably stated, implied and/ or inferred.

21. At all relevant times, each defendant knew or realized that the other defendants were engaging in or planned to engage in the violations of the law of the State of Georgia, the law of the United States of America, and the Plaintiff's, commercial, contractual and fundamental rights alleged in this Complaint.

22. Knowing or realizing that other defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless engaging in and/ or facilitated the commission of those unlawful acts. Each defendant intended to and did engage in and/ or encourage, facilitate, and/ or assist in the commission of the unlawful acts, and thereby committed and/ or aided and abetted the other defendants in the lawful conduct.

23. At all relevant times, Defendant have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law of the State of Georgia, the law of the United State of America, and the Plaintiff's, commercial, contractual and fundamental rights alleged in this Complaint.

24. The Defendant, and each of them, had actual knowledge of / and or were in a position that they had constructive knowledge of the acts of the Defendants and each of them; because of the acts complained of herein Defendants were the agents, employees, representatives, partners, officers, principals and or joint

ventures of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope, course and purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants. Defendants ratified, joined in, acquiesced in, and 1 or authorized the acts of the other Defendants and have retained the benefits from these acts complained of herein.

## II.   JURISDICTION AND VENUE

25. This Court has Subject Matter jurisdiction in this case as it involves quieting the title to real property located in the state where this court is situated.

26. This court has personal jurisdiction over the parties in this action which the entities named as defendants herein have taken supporting the Plaintiffs' complaint to quiet title against such have taken place in the state of this Court is situated in as the actions complained of by the Defendants.

27. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331 and 12 U.S.C. 1919(b)(2)(A) because the FDIC-R is a party and therefore this controversy arises under the laws of the United States

28. This Court has jurisdiction over Defendant WELLS because the allegations alleged against it stem from its conduct performed in the course of it "conducting business" in the County of d\Dekalb and throughout the State of Georgia.

29. This Court has jurisdiction over Defendant MERS because the allegations alleged against it stem from its conduct performed in the course of it "conducting business" in the County of Dekalb and throughout the State of Georgia, and from its purported assignment of the right, title and interest to the Plaintiffs' Deed of Trust which was recorded in the Dekalb County Recorder's Office in Dekalb County, Georgia.

30. Venue is proper in the Northern District Of Georgia under 28 U.S.C. 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district and the property that is the subject of the action is situated in this district.

## III.   FACTS RELEVANT TO COMPLAINT

31. On or about July 31, 2008, the Plaintiffs entered into a purported Mortgage Loan with COLONIAL BANK who business status was dissolved on May 22, 2008. This was a "purchase" transaction as opposed to a "refinance" loan. The transaction was evidenced by a Promissory Note (hereinafter, "Note") and a Security Deed ("SD").

32. The Trustee was not listed on the Security Deed.

33. Defendant MERS was named the "beneficiary" on the Security Deed, but solely as "nominee" for COLONIAL BANK. There are no documents on record which evidence Defendant MERs having any interest whatsoever in Plaintiffs' Note.

34. On or about August 8, 2008 Security Deed was recorded as Book No. 20987 and Page No. 530 in the official Records of the Dekalb County Recorder's Office.

35. There are absolute no statements regarding any transfer of the Plaintiffs' Promissory Note.

A. The fact that the Assignments or Allonges were never recorded nor has any documents made any mention of transferring the Plaintiffs' Promissory Note, and that under the Plaintiffs' understanding, this meant that CHASE, as holder of the Security Deed alone , had absolutely no authority to demand payment from the Plaintiffs as if it were the Note Holder;

B. the issue with MERS executing the Assignment, Sale or Transfer on behalf of Defendant WELLS, who was ***falsely and fraudulently*** purported to be the Creditor, Beneficiary and Note Holder;

C. a request to prove any and all claims or cease and desist from falsely and fraudulently claiming title and authority with regard to the Plaintiffs' Note and Security Deed which they did not have.

36. The Promissory Note was delivered directly to MERS. who never recorded the instrument, and although the Security Deed shows that the two parties to the instrument were Lender and Borrower, with Lender nominating MERS as its nominee, the Security Deed was never delivered to WELLS who is foreclosing.

37. In Georgia a separate note is customarily executed simultaneously with the security deed, but not recorded. It is made a part of the transaction by reference,

9

and will prevail over the deed if it conflicts. Icard v. Harbuck, 137 Ga.App. 570, 224 S.E.2d 532 (1976). But the two instruments (contemporaneously executed) must be treated as nearly as possible as a single instrument, although the note will prevail in determining default. See Abdul-Karim v. First Fed. S.& L. Ass'n., 101 1I1.2d 400, 78 Ill. Dec. 369, 462 N.E.2d 488 (1984). Daniel F. Hinkel, Pindar's Real Estate Law and Procedure, (6th Ed. 2004) Vol. 2 §21-35,

38. There are no PT61s on file in the Dekalb County Georgia Records, to evidence the alleged transfers conveyed by the Assignment between MERS. as Trustee for COLONIAL BANK.

39. There have been no PT61 's recorded when the closing took place for the purchase by "Dean". This fact alone presents a break in the chain of title under Georgia law.

40. The copy of the Promissory Note that Plaintiffs had managed to obtain from the Defendants shows no endorsement of the Promissory Note to any other entity, and no allonge was attached.

41. "[T]he Security interest of the grantee is freely assignable, but for full effect as such, there must be a valid assignment of the indebtedness as a chose in action, together with a transfer of title to the land and the power of sale and other rights set forth in the instrument". The security interest has not been assigned together with the transfer of title.

42. Wells Fargo Bank, N.A.. directly violates the Georgia law which governs the assignment and recording of security deeds, as found in O.C.G.A. § 44-14-64.

43. There have been no legal and valid assignments recorded into the real property records of Dekalb County Georgia.

44. Plaintiffs applied for a modification and was told that they never got his documents when in fact documents were sent in a timely manner. Shortly after being turned down for the modification Dean received notice of sale under power or foreclosure. Defendants' have been engaging in "dual tracking" , At the same exact time they were processing the modification Defendants threatened Foreclosure ..

45. The Defendants breached its legal duty to act fairly and in good faith by engaging in unfair and deceptive practices. The purpose of their action is to try to work out the difference so that Plaintiffs can remain in their home which is worth far less

than what is owed. By offering Plaintiffs a modification and approving them for the Mortgage and then to proceed against Plaintiffs in a non-judicial foreclosure is deceptive and unfair. CALHOUN FIRST NATIONAL BANK v. DICKENS, 264 Ga. 285, 443 S.E.2d 837, (1994)

46. Currently, there have been threats of foreclosure by the law firm named as defendants in this complaint, and Plaintiff has received Notices of Non-judicial Foreclosure. The non-judicial foreclosure Notices have all been in the name of J.P. Morgan Chase a "nominee or servicer to this transaction.

47. The letters sent to Plaintiffs are in violation of O.C.G.A. §44-14-162.2, as Who is the true secured creditor. No one person or party has identified the "secured creditor" for the Plaintiffs.

48. Plaintiffs have been severely injured and harmed by defendants named In this action, and will suffer from such harm far into the future, for which Plaintiffs seeks to redress.

49. Plaintiffs attempted to discover all of the entities that are claiming an interest in her/his property, but the defendants have kept silent as to the requests made.

## COUNT I
## PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF

50. Plaintiffs hereby incorporates the foregoing paragraphs 1-56 of this Complaint and restates them as if they were fully written herein ..

51. Plaintiffs are entitled to declaratory relief, in that Defendant is not the secured creditor of Plaintiffs' loan.

52. Plaintiffs are entitled to declaration that Defendants are not the holder of the Note, or entitled to enforce the Note or Security Deed.

53. Plaintiffs are entitled to 81 declaratory judgment that Defendants has no right, title or interest in and to the Security Deed, because said security deed was never lawfully assigned to Defendants, as no lawful Assignment exists in the Public Records of the Dekalb County Georgia Real Estate Records.

54. Plaintiffs are entitled to a declaratory judgment that Defendants, are not the agent of Plaintiffs' secured creditor.

55. Plaintiffs are entitled to a declaratory judgment that the purported assignment of

11

the Security Deed from MERS on 8/8/2008 Deed Book 20987, Pg 530 as well as the purported assignment from MERS are fraudulent, and that the Fraudulent Assignments should be cancelled on the real property records of Dekalb County, Georgia. These documents are fraudulent because at the moment of execution, they were improperly witnessed (one person cannot 'attest' to another person's false executive position); signed by persons claiming executive roles and employment as "officers" (a fictional representation); these persons lacked any legal capacity to execute this type of instrument and sign as an "officer". They are fraudulent because each person that signed the assignments were doing so without following Georgia Law for 'acknowledgments', and 'attestations' ("Acknowledgment is the act of a grantor in going before some competent officer and declaring the paper to be her deed; and to make such acknowledgment good in law, it must be accompanied by the certificate of the officer that it has been made." White & Co. v. Magarahan, 87 Ga. 217, 219(1), 13 S.E. 509 (1891).)

( "Attestation" is the act of witnessing the actual execution of a paper, and subscribing one's name as a witness to that fact.. ... A witness to an instrument cannot know that the signature of the maker thereto is her signature unless he either sees the maker sign the instrument, or unless the maker acknowledges to the witness that the signature thereto is her signature." (Citations omitted.) Wood v. Davis, 161 Ga. 690, 694(1), 131 S.E. 885 (1926) (interpreting former Civil Code 1910, § 3846). See also Bloodworth v. McCook, 193 Ga. 53(1), 17 S.E.2d 73 (1941).)

56. Plaintiffs are entitled to declaratory judgment that MERS, Defendants, and the law firm who improperly sent the letters of Default to borrower, are not entitled to pursue foreclosure whether judicial or non-judicial against Plaintiffs or her/his property.

WHEREFORE, Plaintiffs prays for the relief in the Final Prayer for Relief.

## COUNT II
## PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF

57. Plaintiffs hereby incorporates the foregoing paragraphs 1-63 of their Complaint and restates them as if they were fully written herein ..

58. Plaintiffs are entitled to a preliminary injunction, and a permanent injunction restraining all defendants from initiating or continuing a foreclosure action, whether judicial or non-judicial against Plaintiffs or her/his property.

59. Plaintiffs are entitled to a preliminary injunction, enjoining all Defendants from

(a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiffs or against the Property; (b) listing or advertising the Property for sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiffs or with respect to the Property; while their action is pending.

60. Plaintiffs are entitled to a permanent injunction, enjoining all Defendants from (a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiffs or against the Property; (b) listing or advertising the Property for sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiffs or with respect to the Property.

WHEREFORE, Plaintiffs prays for the relief in the Final Prayer for Relief.

## COUNT III
## PLAINTIFF IS ENTITLED TO CANCELLATION OF FRAUDULENT DOCUMENTS IN THE DEKALB COUNTY GEORGIA RECORDS SLANDER OF TITLE, TRESPASS TO TRY TITLE

61. Plaintiffs asserts that there are several fraudulent documents recorded in Dekalb County, Georgia Records, and she/he is entitled to have such fraudulent documents cancelled of record.

62. Plaintiffs asserts that there are several forged documents recorded in Dekalb County, Georgia Records relating to the Plaintiffs' real property, and these documents filed on the public records in fairness must be cancelled.

63. Further, Wells Fargo Bank, N.A.. lacked a Power of Attorney, or any other authorization to transfer, convey, assign, or sell the beneficial rights of J.P. Morgan Chase Bank, N.A. to the Security Deed or Note assigned on 7/31/2008, Deed Book 20987, Pg .. 530, DekalbCounty, Ga.

64. Furthermore ,MERS nor Wells Fargo Bank, N.A. as grantee, could not legally transfer and assign its right, title, interest, powers, and immunities as a grantee because this designation exceeds its publicly stated authority to act (as it does not hold a beneficial interest in the property); therefore, the Fraudulent Assignment was ineffective to transfer, convey, or assign the beneficial ownership rights of the Security Deed and/or Note and any powers and immunities of the beneficial owner of the Security Deed/Note.

65. Plaintiffs are entitled to cancellation of both Fraudulent Assignments on the real

property records of Dekalb County, Georgia, as if such documents have never been recorded.

WHEREFORE, Plaintiffs prays for the relief in the Final Prayer for Relief.

## COUNT IV
## QUIET TITLE

66. In a quiet title action, claimant need only assert an interest in the property at issue that is derived from either conveyance or from adverse possession. See O.C.G.A. §23-3-62(aO); Smith v, Georgia Kaolin Co., Inc,.269 Ga. 475, 498S.E. 266 (1998), reh. Den.)

67. A successful Plaintiff, in a quiet title action will receive a decree that describes her/his rights in the property and voids all invalid instruments and orders that the public recorded be corrected to reflect Plaintiffs' Superior Title.

68. In an equitable title action, a court may cause to be delivered up and cancel any instrument which casts a cloud over the complainant's Title. O.C.G.A. § 23-3-40; Duffee v. Jones, 208 Ga. 639,68, S.E.2d 699 (1952)

69. When an action is brought challenging an identified cloud, the court determines the validity of the outstanding claim and issues a decree.

70. The relief sought, will be granted where the invalidity of the specific instrument sought to be canceled appears on its face or is revealed through outside facts. (O.C.G.A. §23-3-41).

71. In granting the relief, "the Court may cancel instruments, construe them to avoid conflicts, grant injunctions, or use other available equitable power."

72. Defendants failed to perfect its security

73. O.C.G.A. §44-2-1 holds: "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land is located." (Emphasis added.)

74. In the present case, the defendant purports to have an interest in the subject property, but has not complied with the laws of the State of Georgia, which gives rise to such an interest.

75. The real estate transfer tax is imposed upon each deed, instrument, or writing

whereby realty sold shall be transferred to another (O.C.G.A. §48-6-1 (GCA §91A-3001 )).

76. The Real Estate Transfer Tax is not a property tax; it is an excise tax on transactions involving the sale of property; paid by the transferor each time he sells a parcel of real estate for the privileqe of selling that particular property ... the tax is based on the sales price not a tax on the property, as is the ad valorem tax which is charged against the owner " City of Columbus v. Ronald A. Edwards Constr. Co., 155 Ga.App. 502, 271 S.E.2d 643 (1980). Pindar's (6th Ed. 2006) §19-46.

77. There must be a "transfer form showing the amount of consideration ... , or the clerk will refuse to accept filing." See Bullock v. Bullock, 238 Ga. 380, 233 S,E,2d 345 (1977).

78. The title on Plaintiffs' property have been clouded. The Plaintiffs Motions the Court to appoint a Special Master as mandated by the Nelson et al v. Sheriff Youth Homes, Inc., et al Ga. Supreme Court, No. 509A0609., Nov. 23, 2009: "The statutory requirement that a special master make a report to the trial court of the special master's findings is important to both the trial court's entry of judgment and the appellate court's review since a trial I court can adopt the special master's findings and enter judgment thereon (Heath v. Stinson, supra, 238 Ga. at 366,233 S.E.2d 178), and a special master's findings adopted by the trial court are upheld by the appellate court unless clearly erroneous. Steinichen v. Stancil, 284 Ga. 580, 581,669 S.E.2d 109 (2008). But see Thompson v. Central of Ga. RR., 282 Ga. 264, 266, 646 S.E.2d 669 (2007) (where, in a case in which no request for a jury trial was timely filed, this Court addressed the merits of the appeal in the absence of findings in the Special Master's report and recommendation or in the trial court's adoption of the Special Master's recommendation). In light of the trial court's summary adjudication without findings of fact and the absence of a report of the special master's findings in this case which involves a myriad of issues, we are left at a distinct disadvantage because we do not know the basis for the trial court's judgment. While the Civil Practice Act authorizes a trial court to grant a motion for summary judgment without setting forth findings of fact and conclusions of law (Thomas v. DeKalb County, 227 Ga.App. 186(1),489 S.E.2d 58 (1997); OCGA § 9-11-52(a)), the special procedures of the Quiet Title Act requiring that findings be reported take precedence over the conflicting requirements of the CPA. Woodruff v. Morgan County, supra, 284 Ga. 651,670 S.E.2d 415. Accordingly, the case is remanded to the trial court for the inclusion of findings of fact made by either the special master or the trial court upon which the judgment is based."

Case remanded with direction.

BENHAM, Justice.

79. There is controversy as to whether any of the defendants is now, or ever was a Secured Creditor as contemplated under Georgia Law.

80. There is a controversy as to whether any of the defendants are entitled to enforce a Promissory Note, or if there even exists a Promissory Note.

81. Defendants cannot provide legal, valid documentation, which would result in a right to enforce a lien on Plaintiffs' property.

## FIRST CAUSE OF ACTION

## TO QUIET TITLE

## AGAINST ALL DEFENDANTS

82. Plaintiffs re-alleges all preceding paragraphs by this specific reference, as though fully set forth herein.

83. The Plaintiffs will record a lis pendens against the Subject Property in the Official Records of the Dekalb County Recorder's Office as soon as she/he obtains a case number for her/his Complaint to Quiet Title to Real Property from the County Superior Court Clerk.

84. Plaintiffs are informed and believed and thereupon alleges that Defendants and each of them, claim and interest in the Subject Property which is adverse to Plaintiffs' interest herein.

85. Based upon the record of the underlying mortgage transaction at issue, the record of the Dekalb County Recorder's Office, and the record and files herein, the claims of said Defendants is without any right whatsoever.

86. The Deed of trust is now a legal "nullity" which requires striking, removal, rescission or expungement from the Official Records of the Dekalb County Recorder's Office and a judicial declaration the Security Deed is void as to any claims it constitutes a link in the chain of title to the Subject Property.

87. Defendants, and each of them, do not have any legal standing, or any equitable,

contractual, or legal right, claim, or interest in the Subject Property.

88. Plaintiffs therefore seeks declaration from this Court that the title to Subject Property is vested in plaintiffs alone and that the defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property and that said Defendants and each of them, be forever enjoined from asserting any estate, right, title or interest in the Subject Property which is adverse to the Plaintiffs herein.

WHEREFORE, Plaintiffs prays for judgment against Defendants and each of them as Follows:

A. For an order compelling said Defendants, and each of them, to transfer legal title and possession of the subject property to Plaintiffs herein;

B. For a declaration and determination that Plaintiffs is the rightful holder of title to the property and that Defendants herein, and each of them, be declared to have no estate, right, title or interest in said property;

C. For a judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

D. For costs of suit herein incurred;

E. For such other and further relief as the court may deem proper.

EXECUTED this __9__ day of __March__, 2015, in the City of __Conyers__ County of __Rockdall__

_____        _____
Declarant                        Declarant

Blossom & Carlos Dean

3538 Cragstone Road,

Lithonia Georgia 30038
770 715-9866

BLOSSOM BRYAN
NOTARY PUBLIC
ROCKDALE COUNTY
STATE OF GEORGIA
My Commission Expires Jan. 16, 2016

17

## VERIFICATION

I Blossom & Carlos Dean are the Plaintiffs in the above-entitled action. We have read the foregoing Complaint to Quiet Title and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the City of Lithonia, County of Dekalb, State of Georgia.

DATED: 3/9/15

I do hereby declare under penalty of perjury pursuant to the Laws of the State of Georgia that all the statements in this Declaration are true, correct and complete to the best of my firsthand knowledge, understanding and belief.

EXECUTED this 9 day of March, 2015, in the City of Conyers County of Rockdale

[Notary seal: BLOSSOM BRYAN, NOTARY PUBLIC, ROCKDALE COUNTY, STATE OF GEORGIA, My Commission Expires Jan. 16, 2016]

_____
Declarant

EXECUTED this 9 day of March, 2015, in the City of Conyers County of Rockdale

_____
Declarant

Blossom & Carlos Dean

3538 Cragstone Road,

Lithonia Georgia 30038
770 715-9866

## CERTIFICATE OF SERVICE

I certify that on March _____ 2015, a copy of **COMPLAINT TO QUIET TITLE TO REAL PROPERTY** Was served by certified U.S. mail, return receipt requested, on the following attorney and Registered Agent in charge for defendant,

**MORTGAGE ELECTRONIC REGISTRATION**
**1595 SPRING HILL ROAD SUITE 310**
**VIENNA, VA 22182**

**WELLS FARGO BANK N.A**
**101 N. PHILLIPS AVENUE**
**SIOUX FALLS, SD 57104**

**FEDERAL DEPOSIT INSURANCE CORPORATION**
**10 TENTH STREET, NE, SUITE 800**
**ATLANTA, GA 30309-3906**

**BARRETT DAFFIN FRAPPIER LEVINE & BLOCK, LLP**
Registered Agent: **NATIONAL REGISTERED AGENTS INC**
**1201 PEACHTREE ST NE**
**ATLANTA, GA 30361**

Respectfully submitted,

By_____
Blossom & Carlos Dean

3538 Cragstone Road,

Lithonia Georgia 30038
770 715-9866

BLOSSOM BRYAN
NOTARY PUBLIC
ROCKDALE COUNTY
STATE OF GEORGIA
My Commission Expires Jan. 16, 2016

Blossom Bryc
3/9/15